IN THE FEDERAL COURT OF CLAIMS OF THE UNTIED STATES

Bahji Amelia Adams

Plaitniff/Petetioner

v.

ADAM TODD GEORGE

Defendant/Respondent

**FILED**

DEC 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

C7 2224

## MOTION FOR IN PAUPERIS FORUM/JUDICAL NOTICE

Comes Now, Bahji Amelia Adams, the above named Petetioner/Palitniff and files and serves this in GOOD FAITH, reserving all rights without prejudice, in the interest of justice, with standing, shows and files this upon the court and opposing counsel the following Motion to Proceed in Pauperis/Judical NOTICE states to the Court that the plaintiff objects to a magistrate Judge and will only consent to an Article III JUDGE.

## JUDICAL NOTICE

As a prelimary issue, this court acklnlowdges with the omission and aquscience of its prior order, in which this court did not have authority to enter any order, denying as it is out side of the scope of his authority. The Plaintiff/Petetioner further notices the following binding law in regards to the status of Pauper.

An affididavnt in Support of Request to Proceed is attached with requirements any reason for redress, existence of substantial questions or one which has merit and is not frivolous, taken in Good Faith, I would be deprived of the necessities of life and unable to pay for myself or dependant's should I be required to subject myself involuntarily to a "penniless distution." It further supply that I would under duress

**RECEIVED**

NOV 19 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

supply the only $1.00 Federal Reserve note immediately in my possession in order to
secure my rights and equal access, protection of the court, of which would place me in a
penniless destitution which would hinder my current ability and very possibly my future
to provide for myself and my dependants the basic life necessities. The court had held
that "nor should a man…(woman)be forced to go hungry to maintain his suit," which is
one of the issues at hand!  45 F.R.D 506, which would make themselves and their
dependants wholly destitute." Nor does it make themselves and their dependants wholly
distutite." Nor does it make reference to any need/requirement or mandate of a finical
affidviant attached herein.

    The Plaintiff is entileted to submit the following affidavits up until the final order
of this court. An order of 30 days is distoriory as this court was duly appraised of he
Plaintiff's request for extension of times pertaining to limits per her impairments on Sept.
12th or thereabout.  The Plaintiff is/should be granted "preliminary right to proceed in
forma paupers…" as it is "reasonable appears ability to pay…" is "beyond ability…" C.
A 3 (PA) 1969 411 F. 2d 1203. This court is Noticed of the above laws cited and
furthermore noticed of the following: Pace v. Evans C.A. 11 (Ga) 1983 709 F. 2d 1428 in
this court must "not act arbilitary and it may not deny application on errouns grounds."
As statements of points, the Plaintiff is proving certification to the best of her
comprehension of the matter.  As a motion or aff. Is not needed to be filed at any
particular time the Plaintiff gives the only $1.00 which she currently posses under duress
upon demand for the filing of fees associated with copies, transcripts or any other
applicable tender which would be statorily required!  The court is its Report and
recommendation reads that the sole reason due to the Indigence of thePlaitniff and the

2

alleged "file a completed "Affidavit in Support of Request to Proceed In Forma Pauperis"

is the sole reason for the Complaintiff to be dismissed. Attached is several more

affidavits of which the Plaitniff required time to process said information in direct order

to communicate same to this court. Since there s not final adjuctacation on this matter

and since the Plaintiff specifically requested ADA, which is mandated under the

Rehabilitation Act of 504, American with Disabilities Act of 1990 Title II in accordance

with her limitations which the courts have held to include "learning" . The Plaitniff is

merely doing for people/citizens in regards to mental impairments that which the court

held in regards to Tennesse v. Lane in regards to physical limitations and access equally

to the courts. The Plaitniff, is seeking the "mental" "reasonable accomdations" to ensure

that under the ADA, American with Disability Act of 1990 and the Rehabilition Act

under title II of the ADA, that she and others similar suited are given "reasonable

accomadations" to ensure "meaningful" access to programs, which clearly encludes

fundemantal rights of people/citizens with access to the courts in regards to any type of

mental impairment, absent being a "direct threat". Therefor, Thus Tennesse v. Lane the

court held:  which should apply to this case and any case in which the plaintiff has

requested same in regards to ensure her "equal footing".

 This affidavit and other pleadings are timely for it does not burden the courts

finical, places the Plaintiff on somewhat "equal footing" without an advantage, and is

"reasonable". Wherefore specifically per the courts precedent the Plaintiff should be

granted Pauperis status in filing and the cost of the lower court records, transcripts of

evidentiary hearings. Furthermore, the Plaintiff objects to this court's "particularity the

alleged error or errors made…" The Plaintiff is presently unable to comprehend the

request of the Judge as it is vague to comprehend the request of the Judge as it is vague per her impairment in cognition. The Plaintiff further moves the court to issue an order to the lower court to present the Plaintiff with the transcript if there is one of the lower court within 2 days of the order and 4 the 2 days to be included in the "reasonable accommodations" extension to the Plaintiff.

As if the Plaintiff is now being forced to choice between participate in society and participating in society in regards to the ongoing abusive litiations which have been taken in direct opposition to law, due to secondary affects of her TBI, traumatic Brain Injury, in anxiety and depression or involuntarily waiving her rights specifically due to her impairments. The Plaintiff specifically objects to the Report and Recommendations for all the contents therein, and more specifically in that the court's order by omission as failure to state that the Plaitniff/Petetioner is bring said action in bad faith, is due to an overbearing order, which the Plaintiff objected to the magistrate within 10 days as having any other authority than a recommendation. For denial is out of his authority than a recommendation. For denial is out of his authority, and due to the Court not stating how pleadings where defective the Plaintiff was denied due process in accordance with Haines.

The Plaintiff reserves all rights without prejudice UCC, 1-308, not limited too, for future citing of legal laws and all claims. "congress identified important short coming in existing laws that rendered them inadequate to address the pervasive problems of discrimation that people with disabilities are facing." Id at 1990 (quoting S. Rep No 100-116, at 18.)

4

The Plaintiff, of which Scott Kaye is more than fully aware of has, "major life activities" which substantially limits one or more of the major life activities of such individual. She further more has a record of such impairment. Clearly the Plaintiff fails within the "guidelines" of the ADA under a qualified person, which the court has held to be: "functions such as caring for oneself, performing manual task, walking, seeing, hearing, speaking, breathing, learning, and working." Chenoweth v. Hillsborough County 250 F. 3d 1328, 1329 (11th Cir 2001) quoting ADA regulations. Specifically, Bahji Adams is/has been documented with the affect of time restrictions and her cognitive impairments, mental performance as a direct result. According ADA regulations in 29 (E.R. 1630.2(i) according to the EEOC regulations interpreting the ADA, the term substantially limits mean:

(i)     unable to perform major life activity that the average person in general population can perform, or

(ii)    signicantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity. 29 C.F.r. 1630 2 (j)(1)

As the court held above in the case of miller v. King as a defiation the Plaintiff clearly fails within this defietion for the mandatory of "reasonable accommodations." In such additional time which directly affects her ability in the major life activities in the major life activities of speech, manual tasks, and learning directly affect her in the area of communication barriers and access equally to the court and participating equally in society. Thus the Plaintiff is requesting extension in time so that she will not longer be

5

excluded in participating in society as a direct result of her impairments. Therefore, the new case precedent in which this creates in regards to the courts and persons of any mental impairments is of great public importance which is confirmed by the CDC even to date as an "ongoing public" importance of which 11 states receive grants for research in regards to TBI.

The one of issue to be decided is the account that under The Rules of Civil Procedure which are applicable to State Rules of Civil Producer Rule (4)(5)(e) "service Upon Individauls within a Judicial district of the united States. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an **infant or an incompetent person**, may be effected in any judicial district of the United States:

Pursuant to Rule (4)(5)(e)(2)(f) "Serve upon Individual in a foreign Counrty. "…other than an infant or an incompetent person…" further more it reads in "Service upon an infant or an incompetent person in a place not within any judicial district of the United States shall be effected in the manner prescribed by paragraph (2)(a) or (2)(b) of subdivision (f) or by such means as the court may direct. Therefore, when a person who is not "competent" to receive any "forums" for failure to understand the "process" thereof, Scott Kaye not only on its face by and through unlawful third parties violated and placed with intent emotional distress upon Bahji Adams, but that of Amiee Adams.

Futhuremore, the Plaitniff will remind the court that Scott Kaye, does not deny that Bahji Adams was NOT properly served in accordance with the Georgia Procuderal or substantive laws of the state of Georgia. In FACT, let the RECORD reflect that Scott Kaye does not deny or object to any of Bahji Adams's FACTS on the record.

CIATTION OF AUTOHRITES

A. Preliminary Injinction the court held: " We have Jurisdiacation to consider an
appeal from the grant of a prelimary injinction as an appeal as a right under 28
U.S.C. 1292(a). The district court found, as is required for the grant of a prelimary
injinction, that the appellees demonstrated that they would suffer irreparable
harm absent the injinction and that they are likely to succeed on the merits of their
discirmation claim." See shaprio v. Cadman Towers, Inc., 51 F. 3d 328, 332 (2d
Cir. 1995). Although generally we review the grant of prelimarinry injinction for
an abuse of discretion, id, where as here, the district court made the requiest
findings based solely on written record, we review that record de novo because
we are in as good a position sd the district court to read and interpret the
submitted materials. Doe v. New York Universit, 666 F.2d 761, 765 (2d Cir.
1981). "as an intianal matter, the City argues that the district court should have
reviews the eevidence under the heightend standard for madatory injinctions that
requires a sclear showing of entieliment to the reliefe sought or demostaration that
extreme or serious damage would result absent the relief." See Adul Wali v.
Couglin, 754 F. 2d 1015, 1025 (2d Cir. 1985). " The district court determined that
the injinction HIS and its cleined seek is prohibitory, rather than mandaotyr,
because it prohibits the City from interfering with the programs's relocation rather
thatn requiring the City to perform an affirmative act.  The injducation might also
be characterized as mandatory, however, in that it alters the status quo by
requiring the City to overturn the ZBA's decision and to permit HIS to occupy the
downtown site."  In Plaza health Labs, Inc. V. Perales, 878 F. 2d 577, 580 (2d Cir.

1989).  This court held that when such an injuction is cought, the district court should not apply the less rigorous fair-ground-for-ligation standard and should only grant the injucation if the moving party establishes, along with irreparable injury, a likelihood of success on the merits." "because the district court applied the like-ihood-of-success-on-the-merits standard, we need not resolve whether injuction sought actually falls under the governmental action exception."

B.  The courts in Lawson v. Prasse, Commisioner of Correction, et al. third circuit the court held: "Ordinailry , as we held in Lockhart v. D'Urso, 408 F.2d 354 (3 cir. 1969), where an affidavit of proverty is filed the plaintiff should be accorded the prelimary right to proceed in forma paupereis...we think that particulraliy in pro se cases, the right to proceed in forma pauperis should generally be granted where the reeuiqred affidvant of poverty is filed.  This approach mimimizes, to some extent disparity in treatment based on ecomonic circumstances.  An attack of the turht of such affidavit or the sufficiency of the complaint should be left for appropriate disposition after service has been made on the defendants." We have also pointed out in a number of casees that it is desirable that actions such as this be permitted to proceed in the customary manner and that a plaintiff should have an opportunity to be heard on the legal questions involved in the determation whether his complaint should be dismissed.   We said in Urbano v. calssi, 353 F.2d 196, 197 (3 Cir. 1965) "The defendants have approatie means to move for the dismall of the action or for summary judgement. As that time both sides will have full oppuotunity to present their contitentions and whatever conclusions the District Judge may arrive at on the merits (See Sherdan v. Williams, 333 F2d 581

(9th Cir. 1964) will have the benift of the views of the contending parties merits

and on the jursidicational question." See simirlaity Jordan v. County of

Montomery et. Al., 404 f. 2d 747 (3 cir. 1969). The court furthermore held: "we

shall therefore reverse the order of the district court and remand the case for the

entry of an order granting plaintiff leave to prosecute his action in forma pauperis,

but without prejudice to the right of the defendant, after service or appearance, to

attack either the truthfulness or the sufficeny of his complaint." The court should

apply this to the plaintiff, herein, for she is more than willing to comply to the

best of her abilities to show the court the her claim is of merit and she will/has

suffered imperhensionable harm and will continue to suffer should this court

refuse to address the issues at hand.

C.  The Plaintiff specifically retains all prior objections mentioned in her Objection

filed with the court in regards to the magistrate using the case law of United

States v. Slay cite as 714 F. 2d 1983, as a matter of Error of law, in that the only

portion of the law, which should hold or be held by this court: "In filing

objections to a magistrate's report and recommendation, a party must specifically

identify those findings to which he objects. Nettles v. Wainwright, 677 F. 2d 404,

410 an n. 8 (5th Cir.). The failure to object to the magirstrates;s findings of fact

prohibits an attack on appeal of the factual findings adbotped by the district court

except on rounds of plain error or manifest injustice. Id. 410." However, the

Plaitniff specifically would content that it would have to allow for "reasonable

accomdations" in regards to a person's mental ability to do such when specifically

dealing with "meaningful" access to the "courts" in regards to the citiezens ability

to do such. Futhermore, the Plaitniff spefically reserves all rights under UCC-13-8, 1-207 and all Consititutional Rights, American with Disaiblity rights under the ADA, and under 504 of the rehabilition Act of 1990. Plaitniff specifically objects to the other componets of the law in regards to United States v. Slay.

D. The Plaitniff specifically objects to the law of "Nettles v. Wainwright" sited above in "Slay" in that this law applied to state prisoner who appealed from the United States District Court for denying his habeas corpus petition, as they statue an unamibigous and unspecific claim to "before they were accepted by District Court consitutied waiver of right to appeal." The Court has held that in a cases of appeal to deny appeal is to "undermine" the courts and "access" to the courts. Futhermore, the court's only RECOMMENDATION is that is should be dismissed for "pauper's", the court does not RECOMMED if be dismissed for any other specific reason and absent specific findings the plaintiff can only object to what is Specifically mentioned therein. A individual with substainal impairments in regards to protection on the ADA, under title II under the rehabiliton act of 1990 would infact be discrimatory in regards to an individual with impairments in the area of learning and other mental impairments in regards to anxiety, physical pain which causes other mental impairments and therefore is subject to being a discriatory action against a class of citizens, who would be unable to comprehend and/or respond in a timely manner within the law, without "modifications" to polices and/or other meaningful "accomdations". Futhermore, it applies clearly as stated to prisoners, therefore would this court hold this to all people/citizens.

E. The Plaitniff furthermore, states that the Magistrate does not have any authority to "in any case in which the Magistrate is not authooried to enter an operative order pursuant to Rule 6.o1, 28 U.S.C. 636 or an standing or special order of the Court entered thereunder, but is **authorized or directed to file a report to whom the case has been assigned, a copy of such report and recommendation shall** be furnished, upon filing to the District Judge and to all parties. Within Ten (10) days after serveice, any party may file and serve written objections therein, and any party desiring to oppose such objections shall have five (5) days thereafter within which to file and serve a wriiten response. The District Judge may accept, reject, or modify in whole or part, the report and recdommendation of the Magirstrate or may receive further evidence or recommit the matter to the Magistrate with instructions."

F. This court is duly judicialy noticed that the court held in Nettles v. Wainright cited above that :" We note that attorneys are officers of the court…" see Katris v. Immigration and nat. Serv. 562 f. 2d 866 (2nd cir. (1977). "…and therefore, in some part implicitly responsible for the efficient operation of the judical system."

G. In the case of Gaddy v. Linahan United States District Court, N.D. Georgia Sept. 13, 1983, the plainitiff does not know how to site, if not provided and request grace from the court in regards to not having the ability to properly cite this law which held: "In habeaus corpus proceeding, petitioner sought leave to proceed in forma puperis on appeal and iisance of certificate of probable cuase. The District Court, Orinda D. Evans J held that (1) motion for leave to proceed in forma puperis on appeal would be granted…" Further holding: "the action is not

11

frivolous or malicious and the court cannot certify that an appeal would not be taken in good faith.. See 28 U.S.C. 1915 (a), (d). The court held that a certificate of "probable cause be issued only where petitioner had made a "substantial showing of the denial of a federal right."Id. Such a showing is made where Petetioner indicates to the Court that the questions are "adequet to desrve encouragement to proceed further." 103 S.Ct at 3394 n. 4.

H. "Denial of a motion to proceed in forma puperis is appealable as a final decision without refernce to statue governing certification of interlocutory appeals." 28 U.S.C.A. 1291 1292(b), 1915. "where a trial judge puts a party who has appealed from order denying him pauper status to trial while appeal is pending and aprty proceeds to trail and losses, decision on the merits must be reveresded on appeal if reviewing court finds that pauper status was erroneously denied and party's chances to prevail were prejudiced thereby. Flowers v. Turbine Support Division cite as 507 F. 2 d 1242 (1975).

I. The district court in execrsiing dicertion to deny applications to proceed in forma pauperis must not act arbitratily 28 U.S.C.A. 1915

J. Statue goerving applications to proceed in forma pauperis does not require that applications be filed at any particular time since a person not a pueper at commencement of the suit may become one during or prior to its prosection.

K. The district's courts denial of plaintiff's application to proceed in forma puperis on grounds that appilication was not timely filed and that plaitniff's lawyers who had taken case on contingency fee basis, had failed to established their pauper staus was erroneous. 29 U.S.C.A. 1915 " As the suit progressed, flowers proved

which would entile him to relief." Green v. City of Montezuma, 650 F. 2 d 648,

651 (5th cir. 1981).

M. Under Haines v. Kerner, 404 U.S. 519, 520 92 S.Ct. 594, 595, 30 L.Ed 652

(1972), a pro se prisoner compliance is governed by "less strigent standards than

formal pleadings drafted by lawyers." As in Pace the same herein is that

"complaint allegesd facts which, if proven might arguably entile him to relief."

See e.g. Woodall v. Foti, 648 F. 2d 268, 272 95th dir. (1981) (inadqequate medical

care) The district court erred in dismissing the complaint at this stage of the

proceeding." See Hogan v. Midland County commissioners Court, 680 F. 2d

1101, 1103 (5th Cir. 1982).


Wherefore, the Plaitniff has clearly shown the court that she is/has/and will comply to the

best of her ability to do such. In such the attached Affidvant states the requirements for a

"completed" affidivant.


Repectfully submitted,

Bahji Adams    11/11/07

5086 Crowe dr.

Smyrna, GA 30082

Under duress

I certify tthat I have served this on opposing counsel prior to filing with the court, to Scott

Kaye at 729 Pedimont Ave. Atlanta, Ga 30308


14

IN THE UNTIED STATES COURT OF FEDERAL CLAIMS

Bahji Amelia Adams

Plaitniff/Petetioner


v.

ADAM TODD GEORGE

Defendant/Reponsedent


AFFIDVIVANT IN SUPPORT OF MOTION TO PROCEED PAUPER/OBJECTION

Comes now, Bahji Adams, under duress, with ineffective assistance of counsel, forced to

filed and serve this affidvant to stand on rights which have been conintually abused via

the process in direct oppistion to the 14th Amendment, the ADA, and the 504 rehabiltion

act of 1990, the 5th Amendment, and the 7th amdnenmdne and duly states that I am unable

due to my poverty to pay for any fees, copying feees, transcripts, etc. due and I am unable

to post any sercuity therefore and declare the following to be true to the best of my ability

to comprehend and express, and to my current understanding.

1. I am Bahji Adams

2. I am compentent to make this affidvant

3. I do have a TBI, which Iam recoviering from

4. I have suffered mental anguish and cruel treatment by ADAM TODD GEORGE

   as defined in standing case law. I have had ineffective assistance of counsel,

RECEIVED

NOV 19 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

15

which I have tried to communitcate to the best of my understanding and ablility to do such.

5. I have been forced into poverty by the overt and intentional actions of SCOTT KAYE AND ADAM GEORGE, while the court system has sat by and allowed such to happen.

6. NO ONE, an employee of the state of Georgia, NOR COUNTY, has been able to provide me information in regards to "equal access" to the courts of GEORGIA in ANY MANNER.  Specifically when I seek said information out, by an ADA Coorindator, I was told, that such person was not aware of any programs in regards to ensure "equal access" to the courts in regards to the mental impairments.  I have diliegantly tried to obtain competent counsel and I have been turned DOWN time and times again, via through assistance programs and via private attorneys.

7. I have been the subject of involuntiarly "penniless distution".  I would further supply the onlu dollar, of federal reserve note which I have in my position.

8. I have been forced, althgouh I should not be forced to go hunry to maintain my suit, for which I have standing!!!

9. I have a prelimarny right to proceed in froma pauperis.

10. I HAVE NOT BEEN PROVDIED "EQAUL FOOTING" BY ANY COURT OF LAW IN DIRECT opposoiton to ADA, title II, 504 of the rehabilition ACT which courts have HELD time and time again that I be given that MANDATE!

11. I am ecomincally elibiable to have the application approved to proceed informa pauperis.

16

12. I furthermore, can not obtain an attorney due to my poverty and inablility to pay or secure one there of.

13. I am unable to give sercuity thereof for the filing fees, the transciprts, evidenctay transcrpte, if there are any, the coping of the clerk, etc.

14. I have been subjected illegally to a penniless distuation.

15. I have NO INCOME, I HAVE NO BANK ACCOUNT, I HAVE NO PROPERTY, I HAVE NOT REALSTATE, I HAVE NO CAR, I HAVE NO MONEY, other than mentioned. I LIVE BY THE GRACE OF GOD!!! And I have Illegally and unlawfully been placed in said position by the opposing counsel, and the COURTS!!

Affiant further saith not.

Repestfully submitted,

Bahji Adams

5086 Crowe Dr.

Smyrna, ga 30082

17